IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN DOBROWSKI,
AMY OSBORNE,

    Plaintiffs,

v.        CASE NO. 1:11-cv-00179-MP-GRJ

ALLSTATE INDEMNITY COMPANY,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 4, Objection to Notice of Removal by John Dobrowski and Amy Osborne. In the complaint in this case Plaintiffs seek a declaration by the state court that Florida law should govern the insurance contract between them and the defendant regarding Personal Injury Protection benefits and Uninsured Motorist coverage.

On August 30, 2011, the defendant filed a notice of removal from the Circuit Court for the Eighth Judicial Circuit, in and for Alachua County Florida. This Court construed plaintiffs' objection to removal as a motion to remand. The defendant has responded to the plaintiff's motion to remand and filed an affidavit in support of its notice of removal. On November 30, 2011, the Court held a hearing on the motion to remand in which both parties participated.

The plaintiffs argue that the amount in controversy is only $60,000.00, which does not meet or exceed $75,000.00 as required by 28 U.S.C. § 1332. In Plaintiffs' view only $60,000.00 is in controversy because the parties do not dispute that Uninsured Motorist coverage is available in the amount of $50,000.00 and therefore the

only controversy is whether an additional $50,000.00 of Uninsured Motorist coverage from the stacked policy and $10,000.00 of Personal Injury Protection benefits are available as required by Florida law.  The defendant, on the other hand, contends that the amount in controversy is $110,000.00 because plaintiffs seek a declaratory judgment that would entitle them to recover $110,000.00 ($50,000.00 x 2 plus $10,000.00) exclusive of interest, costs, and attorney's fees.

An action is removable on the ground of diversity only if  "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332.  Thus, where the removability of a suit depends upon the amount or value in controversy, costs are not to be considered in estimating or computing such amount.  However, attorney's fees are not costs and may be included in the amount in controversy, at least where they are provided for by statute or contract.  *See Rockholt v. United Van Lines*, 697 F. Supp. 383 (D. Idaho 1988); *Smith v. Executive Fund Life Ins. Co.*, 651 F. Supp. 269 (M.D. La. 1986); *Martin v. Granite City Steel Corp.*, 596 F. Supp. 293 (S.D. Ill. 1984).  Moreover, if a state statute provides for attorney's fees, such fees are included as part of the amount in controversy for removal purposes.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720 (5th Cir. 2002); *see also* 14A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3712 (2d ed. 1985).

In the instant case, in the complaint plaintiffs request that the court award them attorney's fees and costs as provided for in Florida Statute § 627.428.  Thus, if attorney's fees are likely to exceed $15,000.00, the amount in controversy would be sufficient to demonstrate diversity jurisdiction whether the court views plaintiffs' claim as

*Case No: 1:11-cv-179-MP-GRJ*

requesting $60,000.00 or requesting $110,000.00. Indeed, at the hearing, the plaintiff conceded that if the Court concludes attorney's fees are likely to exceed $15,000.00, then the Court should deny their motion to remand.

The defendant has filed the attorney's fee affidavit of Jane Anderson, Esq., in support of its notice of removal. Doc. 16. In the affidavit Ms. Anderson avers that "it takes approximately one hundred (100) hours, more or less, to litigate a case similar to the one at issue before this Court, from its inception through hearing on Summary Judgment . . . ." *Id.* Ms. Anderson further states that "[a]n hourly rate for such work varies widely, depending on the complexity of the issues involved in a given case, the attorney's experience and expertise, and the geographical location of the litigation." *Id.* According to Ms. Anderson, the reasonable hourly rate in a case like this would vary from as low as $150.00 an hour to as high as $400.00 an hour. *See id.* Thus, Ms. Anderson concludes in her affidavit that "the typical attorney fee award for litigating a matter through hearing on a Motion for Summary Judgment would likely range from $15,000.00 to $40,000.00 . . . ." *Id.*

The Court finds that the Anderson affidavit has provided a reasonable estimated range of attorney's fees in this case and is consistent with the Court's own experience in cases involving the types of claims in this case. The Court, therefore, concludes that the defendant has established based upon a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*Case No: 1:11-cv-179-MP-GRJ*

Accordingly, for these reasons, it is now **ORDERED** as follows:

1. Plaintiffs' motion to remand, doc. 4, is **DENIED**.

2. The Clerk is directed to issue an initial scheduling order by separate notice.

**DONE AND ORDERED** this 21st  day of December, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:11-cv-179-MP-GRJ*